**E-FILED**
Friday, 11 June, 2010  09:29:27 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTHONY MARSILIANO,
    Plaintiff,

vs.                               No. 07-1092

ROGER WALKER, et. al.,
    Defendants.

<u>CASE MANAGEMENT AND MERIT REVIEW ORDER</u>

       This cause is before the court for case management and merit review of the plaintiff's claims.  Unfortunately, there has been a delay in the plaintiff's case.  The plaintiff filed his complaint in 2007, but no merit review hearing order was entered at that time and the plaintiff had no further contact with the court.

       The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

       The plaintiff  brings this lawsuit pursuant to 42 U.S.C. §1983 against three defendants from the Illinois Department of Corrections including Director Roger Walker, Administrative Review Board Member Melody Ford and Grievance Officer Brian Fairchild.

       The plaintiff says the defendants have violated his Fourteenth Amendment Due Process rights and his Eighth Amendment rights based on "unnecessary wanton pain." (Comp., p. 6).  However, the plaintiff's complaint does not articulate a violation of his constitutional rights.

       The plaintiff says he received a disciplinary report based on the offense of Escape, Unauthorized Movement and Disobeying a Direct Order while at Stateville Correctional Center on August 9, 2006.   The plaintiff was accused of unauthorized movement while he was in a transport van.   The plaintiff claims he was not guilty, because he was told by Sergeant McKinney to move to a new seat.  The plaintiff says he wanted to call this officer as a witness, but he was told by the Adjustment Committee that she was already listed as a witness by the reporting officer.   The plaintiff told his side of the story to the committee on August 23, 2006, and was told he would receive a copy of the results in the mail.

A copy of the Adjustment Committee Report shows the plaintiff was found not guilty of Escape, but was found guilty of Unauthorized Movement and Disobeying a Direct Order.  (Plain. Comp, Adj. Com. Rpt.)  The report indicates that the plaintiff did not request any witnesses, but Officer McKinney was listed as a witness for the reporting officer.   The plaintiff received three months of segregation, three months of C grade status and lost three months of good time credits.

The court notes that in his grievance concerning the ticket, the plaintiff states Officer Hoyt wrote the ticket in retaliation because the plaintiff asked for his badge number.  The plaintiff does not appear to be challenging this disciplinary proceeding since he does not name the reporting officer, nor the Adjustment Committee Members as defendants.   In addition, the plaintiff would not be able to proceed on this claim since he has failed to show that the discipline has been overturned. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Edwards v. Balisok*, 520 U.S. 641 (1997).  Also, the venue for a claim involving Stateville Correctional Center would be in the United States District Court for the Northern District of Illinois. *See also* 28 U.S.C. § 1391(b).

The plaintiff's main complaint is he did not receive a copy of the results of the Adjustment Committee hearing until two months after the hearing and not until he made a special request for a copy.   The plaintiff says he was transferred from Stateville Correctional Center to Pontiac Correctional Center five days after the Adjustment Committee hearing.   The plaintiff says he was housed in the general population at Pontiac. However, on October 2, 2006, he was told that a mistake was made, and he was suppose to be placed in segregation due to the disciplinary findings.

The plaintiff then had to make a special request for the disciplinary results so he could write a grievance.  The disciplinary report shows the Chief Administrative officer signed off on the discipline on September 5, 2006.   The report also claims the plaintiff was served with a copy of the report on September 6, 2006, but the plaintiff points out that he was no longer at Stateville at that time and did not receive the report.  The plaintiff says he filed grievances concerning the discipline, but they were denied as untimely.

While the plaintiff should have been given a timely copy of his disciplinary report, this failure does not rise to the level of a constitutional violation.    Any right that a prisoner has to a grievance process is procedural and not substantive and therefore does "not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996).  "The Constitution does not require that a prison provide a formal grievance  procedure nor adhere to their own procedures if they establish one. The violation of prison policy does not state a claim under § 1983." *Shidler v. Moore*, 409 F.Supp.2d 1060, 1070 (N.D.Ind. 2006). *See also Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir.2001).

2

Finally, if the plaintiff was attempting to claim that his time in disciplinary segregation violated the Eighth Amendment, this claim also has no merit.  Disciplinary segregation, even wrongfully imposed, is neither cruel nor unusual in itself. *Leslie v Doyle*, 868 F. Supp. 1039, 1042 (N.D. Ill. 1994).

**IT IS THEREFORE ORDERED:**

1) **The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A.   This case is closed, with the parties to bear their own costs.**

2) **This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).  The clerk of the court is directed to record the plaintiff's strike in the three-strike log.**

3) **The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed.  The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.**

4) **The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

5) **The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

6) **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 11th day of June, 2010.


**\s\Harold A. Baker**


_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE